BRUCE D. GOLDSTEIN #135970
County Counsel
JOSHUA A. MYERS #250988
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421
Facsimile: (707) 565-2624
E-mail: joshua.myers@sonoma-county.org

Attorneys for Defendants
Katie Straley, County of Sonoma

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP,<br>ELIAS STAVRINIDES,<br><br>        Plaintiffs,<br><br>vs.<br><br>KATIE STRALEY, COUNTY OF<br>SONOMA<br><br>        Defendants.<br>_____ / | **Case No. 3:15-cv-01565 LB**<br><br>**DEFENDANTS' NOTICE OF MOTION<br>AND MOTION TO DISMISS COMPLAINT;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES**<br><br>**Date:   May 28, 2015**<br>**Time:   9:30 a.m.**<br>**Courtroom:   C, 15th Floor**<br>**San Francisco, California**<br>**Judge: Hon. Laurel Beeler** |

TO PLAINTIFFS IN PRO PER RONALD CUPP AND ELIAS STAVRINIDES:

PLEASE TAKE NOTICE THAT on May 28, 2015, at 9:30 a.m., or as soon thereafter as

the matter may be heard in Courtroom C, on the 15th Floor of the above-entitled Court located at

450 Golden Gate Avenue, San Francisco, California, Defendants Katie Straley and the County of

Sonoma (collectively, the "Defendants" hereinafter) will and hereby do move this Court for an

order granting dismissal of all claims alleged against them in the complaint filed on April 6,

2015, by Plaintiffs Ronald Cupp and Elias Stavrinides ("Plaintiffs" hereinafter).

///

///

This Motion to Dismiss is brought pursuant to Federal Rules of Civil Procedure Rule 12(b), subsections (1) and (6), for dismissal of the complaint is warranted based on the following separate and independent grounds:

**STATEMENT OF ISSUES**

(A)   All claims against Defendants herein should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), based on lack of subject-matter jurisdiction and pursuant to the *Rooker-Feldman* doctrine, as such claims constitute a *de facto* appeal of a State Court unlawful detainer judgment and resulting writ of possession.

(B)   All claims against Defendants herein should be dismissed under Federal Rules of Civil Procedure 12(b)(6), on the ground that the complaint fails to state a claim for which relief can be granted, as follows:

(1)   Even assuming the truth of Plaintiffs' allegations, those allegations do not state a cause of action against Defendants because Defendants enforced valid state court orders that had not been modified or vacated.

(2)   Defendants are absolutely immune from the claims made in the complaint pursuant to the doctrine of quasi-judicial immunity and sovereign immunity guaranteed by the Eleventh Amendment; and

(3)   The complaint fails to allege sufficient allegations against the municipal Defendants to satisfy the requirements of *Monell*.

(C)   Plaintiff's state law claim for intentional infliction of emotional distress should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to comply with the California Government Tort Claims Act.

This Motion to Dismiss is based on the attached Memorandum of Points and Authorities in support thereof, the papers and pleadings on file herein, and on such further arguments or evidence as may be presented prior to adjudication of the motion.

Dated: April 27, 2015                      BRUCE D. GOLDSTEIN, County Counsel
                                                       By:  /s/ Joshua A. Myers
                                                              Joshua A. Myers
                                                              Deputy County Counsel
                                                              Attorneys for Defendants

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Memorandum of Points and Authorities

I.      Introduction ...............................................................................................1

II.     Statement of the Case...............................................................................1

        A.      Factual Background ...............................................................1

        B.      Plaintiffs' Complaint.............................................................2

III.    FRCP 12 Motion To Dismiss Standards.................................................3

IV.     Plaintiffs' Complaint Should be Dismissed Under FRCP Rule 12(b)(1),
        Based on Lack of Subject Matter Jurisdiction Pursuant to the
        *Rooker-Feldman* Doctrine ........................................................................4

V.      Plaintiffs' Federal Law Claims Should Be Dismissed Pursuant to
        FRCP 12(b)(6) for Failure to State A Claim for Relief ........................6

        A.      Defendants Properly Enforced the Writ of Possession..............6

        B.      Defendants Are Entitled to Absolute Immunity for Executing
                a Writ of Possession Issued by the Superior Court.....................7

                1.   Defendants Are Entitled to Quasi-Judicial Immunity
                     for the Actions Alleged in the Complaint........................8

                2.   Defendants Are Entitled to Eleventh Amendment Sovereign
                     Immunity for the Actions Alleged in the Complaint ...........9

        C.      All § 1983 Claims Against Defendant County of Sonoma
                Should be Dismissed for a Failure to Satisfy Monell
                Requirements ................................................................10

VI.     MOTION TO DISMISS STATE LAW CLAIM ...................................12

        A.      Plaintiff's State Law Claim for Intentional Infliction of
                Emotional Distress is Barred by the California Government
                Tort Claims Act ................................................................12

VII.    CONCLUSION.........................................................................13

1

TABLE OF AUTHORITIES

2

**<u>Cases</u>**

3

*Aldridge v. Serak*
4
    2009 U.S. Dist. LEXIS 109123, 7-8 (E.D. Cal. 2009) ...............................8

5

*Ashcroft v. Iqbal*
    129 S.Ct. 1937, 1949 (2009).......................................................................4, 7
6

7

*Ashoff v. City of Ukiah*
    130 F.3d 409 ...............................................................................................3
8

*Bell Atlantic v. Twombly*
9
    550 U.S. 544, 555 (2007)...................................................................4, 11, 13

10

*Brotherton v. Cleveland*
11
    173 F.3d 552, 566 (6th Cir. 1999) ............................................................9

12

*Busch v. Torres*
13
    905 F.Supp. 766 (C.D. Cal. 1995) ......................................................4, 5, 6

14

*City of Canton v. Harris*
    (1989) 489 U.S. 378.....................................................................................11
15

16

*Coverdell v. Department of Social & Health Services*
    834 F.2d 758, 764-765 (9th Cir. 1987) ........................................................8
17

18

*D.C. Court of Appeals v. Feldman*
    460 U.S. 462 (1983).....................................................................................5

19

*Duncan v. Gegan*
20
    101 U.S. 810 (1880).....................................................................................6

21

*Echols v. Parker*
22
    909 F.2d 795, 799-801 (5th Cir. 1990) ......................................................10

23

*Erdman v. Cochise County, Arizona*
24
    926 F.2d 877, 882 (9th Cir. 1991) ...........................................................11

25

*Forbes v. County of San Bernardino*
    101 Cal.App.4th 48, 53 (2002) ...................................................................12
26

27

*Gibson v. United States*
    781 F.2d 1334, 1337 (9th Cir. 1986) ........................................................11

28

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70*
    415 U.S. 423, 436 (1974) ..........................................................6

*Henrichs v. Valley View Dev.*
    474 F.3d 609 (9th Cir. 2007), cert. denied, 552 U.S. 1037 (2007) ..............5

*Homola v. McNamara*
    59 F.3d 647, 651 (7th Cir. 1995) ..........................................................6

*Hydrick v. Hunter*
    669 F.3d 937, 942 (2012) ..........................................................7

*Jenkins v. Commonwealth Land Title Ins. Co.*
    (9th Cir. 1996) 95 F.3d 791 ..........................................................6

*Johnson v. Duffy*
    588 F.2d 740, 743 (9th Cir. 1978) ..........................................................7

*Johnson v. Riverside Healthcare System*
    534 F.3d 1116 (9th Cir. 2008) ..........................................................3

*Karim-Panahi v. Los Angeles Police Dept.*
    839 F.2d 621, 627 (9th Cir. 1988) ..........................................................13

*Kokkonen v. Guardian Life Ins. Co. of America*
    511 U.S. 375,114 S.Ct. 1673, 1675 (1994) ..........................................................3

*Lee v. City of Los Angeles*
    250 F.3d 668, 681-682 (9th Cir. 2001) ..........................................................11

*Lundy v. Colmenero*
    2008 U.S. Dist. LEXIS 61802, at p. 6 (S.D. Cal. 2008) ..........................................................9

*Marsh v. County of San Diego*
    680 F.3d 1148, 1159 (9th Cir. 2012) ..........................................................11

*McMillian v. Monroe County*
    520 U.S. 781, 783 (1997) ..........................................................9

*Mitchum v. Foster*
    (1972) 407 U.S. 225 ..........................................................4, 6

*Monell v. Department of Soc. Servs.*
    436 U.S. 658, 690 (1978) ..........................................................10, 11, 12

*Neal v. Gatlin*
    35 Cal.App.3d 871, 877-78 (1973) ........................................................... 13

*Reusser v. Wachovia*
    525 F.3d 855 (9th Cir. 2008) ..................................................................... 5

*Rooker v. Fidelity Trust Co.*
    263 U.S. 413 (1923) .................................................................................. 5

*Scott v. O'Grady*
    975 F.2d 366, 369-371 (7th Cir. 1992), cert denied,
    508 U.S. 942 (1993) ............................................................................ 9, 10

*Shirk v. Vista Unified School Dist.*
    42 Cal.4th 201, 208 (2007) ..................................................................... 13

*Sorensen v. Clarke*
    2009 U.S. Dist. LEXIS 5551, at 15 (C.D. Cal. 2009) ......................... 5, 8, 9

*State of California v. Superior Court* (*Bodde*)
    32 Cal.4th 1234, 1240 (2004) ................................................................. 13

*Trevino v. Gates*
    99 F.3d 911, 918 (9th Cir. 2008) ............................................................. 11

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*
    971 F.2d 244 (9th Cir. 1992) ..................................................................... 4

*Van Ort v. Estate of Stanewich*
    92 F.3d 831, 837 (9th Cir. 1996) ............................................................. 11


**<u>Statutes</u>**

28 U.S.C.
        Section 1441(b) ................................................................................. 2
        Section 1446 ................................................................................. 4, 6
        Section 1450 .............................................................................. 5, 6, 7

42 U.S.C.
        Section 1983 .......................................................................... passim

California Code of Civil Procedure
        Section 128(a)(4) ............................................................................ 10
        Section 712.030 ................................................................................ 9

Section 715.010.......................................................................9
Section 715.020.......................................................................9

California Government Code
Section 810...........................................................................12
Section 945.4...................................................................12, 13
Section 950.2.........................................................................13
Section 26608...........................................................................9

Federal Rule of Civil Procedure
Section 8(a).......................................................................3, 13
Section 12...............................................................................1
Section 12(b)(1)..............................................................3, 13
Section 12(b)(6).......................................................3, 4, 12, 13

## **Other Authorities**

United States Constitution
Eleventh Amendment..........................................................7, 9, 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The Complaint filed herein by pro se Plaintiffs Ronald Cupp and Elias Stravrinides ("Plaintiffs") is, at its core, a challenge to the foreclosure of real property formerly owned Plaintiff Cupp and rented to Plaintiff Stravrinides and a resulting unlawful detainer judgment and Writ of Possession entered against Defendant Cupp by the Sonoma County Superior Court. Because the Sonoma County Sheriff's Office ("Sheriff's Office") was directed to and served an eviction notice pursuant to the Writ of Possession, Plaintiff has sued the Sheriff's Office herein to obtain damages related to the foreclosure of the property.

Because the Complaint consists of a collateral attack on a final state court judgment, it is barred by the *Rooker-Feldman* doctrine. Even if the Court did have jurisdiction over the Complaint, Plaintiffs' claims must fail based on immunities provided to the Sheriff's Office as well as Plaintiffs' failure to state a claim for which relief can be granted. Plaintiffs' claim that the Sheriff's Office defendants should not have executed the Writ of Possession due to Plaintiff Cupp's attempt to remove the unlawful detainer action to federal court is without merit because the federal court did not modify or dissolve the Writ of Possession. Thus, the Sheriff's Office was still compelled to execute the Writ. Accordingly, the Sheriff's Office requests that the Court dismiss this case with prejudice.

**II.    STATEMENT OF THE CASE**

**A.    Factual Background[1]**

In the spring of 2014, Plaintiff Cupp's property in Sonoma County, California, was subject to an unlawful detainer lawsuit filed in the Superior Court for the County of Sonoma, Case No. MCV-228269 (hereinafter the "unlawful detainer action"). (*See* Complaint, pg. 5, ¶ 23.) The plaintiffs in the unlawful detainer action (the then owners of Plaintiff Cupp's former property), obtained a Writ of Possession from the Superior Court entitling them to possession of Plaintiff Cupp's former property.

---

[1] The Factual Background is taken from Plaintiffs' Complaint, as required in a Motion to Dismiss. The Sheriff's Office reserves the right to contest any and all factual allegations made in the Complaint should this case proceed after all Rule 12 motions have been heard.

On or about April 2, 2014, a deputy with the Sheriff's Office posted a Notice to Vacate on Plaintiff Cupp's property. (*Id*., pg. 4, ¶ 22.) Both Plaintiffs discussed the Notice to Vacate and the impending eviction with the deputy. (*Id*., pg. 5.) The deputy advised both Plaintiffs about legal forms that may possibly stop or delay the eviction process. (*Id*.)

On the same day, April 2, 2014, Plaintiff Stravrinides filed out one such form and attempted to file it with the Sheriff's Office. The Sheriff's Office refused to receive the form on both April 2, 2014 and April 3, 2014. (*Id*.) On April 4, 2014, the Sheriff's Office refused to file a similar legal form submitted by an attorney retained by both Plaintiffs. (*Id*., pg. 6.)

On or about April 7, 2014, Plaintiff Cupp filed a Notice of Removal of Action Pursuant to 28 U.S.C. section 1441(b) in the United States District Court for the Northern District of California, case number 14-cv-01597-JCS, regarding the unlawful detainer case in Sonoma County. (*Id*., pg. 6.)

On or about April 7, 2014, Plaintiff Cupp contacted the Sheriff's Office and spoke with Defendant Straley about the removal action Plaintiff Cupp filed. On the same day, both Plaintiffs provided the Sheriff's Office with the Notices of Removal. (*Id*., pg. 7.)

On or about the morning of April 8, 2014, Plaintiff Cupp filed a Notice of Stay of Proceedings in the Superior Court for Sonoma County. (*Id*., pg. 8.) Shortly thereafter, Plaintiff Cupp delivered a copy of the Notice of Stay of Proceedings to the Sheriff's Office. (*Id*.)

When Plaintiff arrived at his former property at 10:45pm on the night of April 8, 2014, he found new locks on the gates to his former property and all internal doors left open. (*Id*., pg. 8.) A neighbor told Plaintiff Cupp that the Sheriff's Office had "hit" Plaintiff Cupp's former property. (*Id*.)

Plaintiffs do not allege that after removal the federal court modified or vacated the Writ of Possession issued in the unlawful detainer action.

**B.     Plaintiffs' Complaint**

Plaintiffs' Complaint alleges five causes of action against Defendants: (1) Trespass and Unreasonable Seizure, based on violations of the Fourth, Eighth, Fifth and Fourteenth Amendments of the United States Constitution; (2) Equal Protection and Due Process, based on

1   violations of the Fourteenth, Fourth and Fifth Amendments to the United States Constitution; (3)

2   Municipal Liability; (4) Loss of Social Standing; and (5) Intentional Infliction of Emotional

3   Distress.

4          The crux of Plaintiffs' Complaint is that the Sheriff's Office, and Defendant Straley in

5   particular, proceeded with the eviction and execution of the Writ of Possession despite

6   knowledge that Defendant Cupp filed a removal action in federal court and filed a Notice of Stay

7   of Proceedings in the unlawful detainer action.  Plaintiffs do not, however, connect the facts

8   alleged in the first part of their Complaint with the sections that detail their causes of action.  The

9   causes of action only contain bald assertions and legal conclusions.  Thus, Defendants are left to

10  assume Plaintiffs' chief complaint is that the Sheriff's Office proceeded with the eviction and

11  execution of the Writ of Possession despite Defendant Cupp filing a removal action in federal

12  court and filing a the Notice of Stay of Proceedings in the unlawful detainer action.

13  **III.   FRCP 12 MOTION TO DISMISS STANDARDS**

14         Federal Rule of Civil Procedure 8(a) requires that a complaint filed in federal court

15  contain "a short and plain statement" of the grounds for the court's jurisdiction and the claims for

16  relief. (Fed. R. Civ. Proc. 8(a).)

17         A claim for relief may be dismissed under Federal Rule of Civil Procedure 12(b)(1) for

18  lack of subject-matter jurisdiction.  (Fed. R. Civ. Proc. 12(b)(1) ("Rule 12(b)(1)").)  A plaintiff

19  bears the burden of establishing subject matter jurisdiction; in effect, the court presumes lack of

20  jurisdiction until plaintiff proves otherwise. (*Kokkonen v. Guardian Life Ins. Co. of America,* 511

21  U.S. 375, 114 S.Ct. 1673, 1675 (1994).) Pursuant to Rule 12(b)(1), a complaint should be

22  dismissed if the plaintiff has failed to satisfy this burden.  (*Ashoff v. City of Ukiah*, 130 F.3d 409,

23  410 (9th Cir. 1997).)

24         A claim for relief may also be dismissed under Federal Rule of Civil Procedure 12(b)(6)

25  for a "failure to state a claim upon which relief can be granted."  (Fed. R. Civ. Proc. 12(b)(6)

26  ("Rule 12(b)(6)").)   A request for dismissal under Rule 12(b)(6) may be based on the lack of a

27  cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory.

28  (*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008).)  To withstand a

Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).)  Bare assertions which amount to "nothing more than a formulaic recitation of the elements" of a claim for relief are conclusory and not entitled to be assumed true.  (*Iqbal*, 129 S. Ct. at p. 1951, quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).)

When considering a motion to dismiss, the Court may consider undisputed matters of public record through a request for judicial notice, including state court records.  (*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9ᵗʰ Cir. 1992); *Busch v. Torres*, 905 F.Supp. 766, 769, fn. 1 and 2 (C.D. Cal. 1995).)

## IV.  PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED UNDER FRCP RULE 12(b)(1), BASED ON LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO THE *ROOKER-FELDMAN* DOCTRINE

Plaintiffs come before this Court as the losing parties in the state court unlawful detainer action, asking this Court to overturn the judgment in that action based on defenses that they could have raised (or did raise) in the Superior Court.  Plaintiffs seek to challenge the facially-valid Writ of Possession issued by the Superior Court solely on the basis that Defendant Cupp filed a removal action in federal court seeking to remove the unlawful detainer action the day before the writ of possession was executed.

Plaintiffs could have challenged the Writ of Possession in the unlawful detainer action prior to removal.  Plaintiffs could have sought appellate remedies in the California Court of Appeals.  Plaintiff could have sought relief from Federal Court in the removal action to modify or vacate the Writ of Possession.  (*See* 28 U.S.C. § 1446; *see also Mitchum v. Foster* (1972) 407 U.S. 225, 234n. 12.)  Plaintiff, however, did none of those things.

Plaintiffs' case only succeeds if the Writ of Possession is declared unenforceable by this Court.  Thus, Plaintiffs' Complaint represents nothing more than Plaintiffs' unhappiness with the results of the unlawful detainer action and is a *de facto* attempt to appeal that judgment to this Court.  Because this Court lacks the jurisdiction to act as a reviewing court over judgments and orders of California State Courts, the Complaint should be dismissed pursuant to the jurisdictional mandates of the *Rooker-Feldman* doctrine.

1    The *Rooker-Feldman* doctrine takes its name from two Supreme Court decisions

2    demonstrating the "jurisdictional rule prohibiting federal courts from exercising appellate review

3    over final state court judgments." (*Reusser v. Wachovia*, 525 F.3d 855, 859 (9th Cir. 2008); *see*

4    *also D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263

5    U.S. 413 (1923).) At its core, the *Rooker-Feldman* doctrine stands for the proposition that a case

6    must be dismissed "when a federal plaintiff asserts as a legal wrong an allegedly erroneous

7    decision by a state court, and seeks relief from a state court judgment based on that decision."

8    (*Reusser*, 525 F.3d at 859, quoting *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir.

9    2007), *cert.denied*, 552 U.S. 1037 (2007).)

10    The *Rooker-Feldman* doctrine bars a claim requesting a federal court to stop an eviction

11    that resulted from issuance of a state court judgment and writ of possession. (*Id.*) In addition,

12    the *Rooker-Feldman* doctrine has been applied to dismiss actions brought under 42 U.S.C. §

13    1983 ("§ 1983") to challenge real property foreclosures and resulting unlawful detainer

14    judgments. (*See Reusser,* 525 F.3d at 860; *Busch v. Torres*, 905 F. Supp. 766 (C.D. Cal. 1995);

15    *Sorensen v. Clarke*, 2009 U.S. Dist. LEXIS 5551, at 15 (C.D. Cal. 2009) ("Plaintiffs' claims

16    against defendants are barred by the *Rooker-Feldman* doctrine because they are essentially a

17    collateral attack on the Los Angeles County Superior Court's issuance of a writ of

18    possession.").)

19    As explained in more detail below, the Sheriff's Office was compelled to execute the

20    Writ of Possession on Plaintiff Cupp's former property. The Writ of Possession was a facially

21    valid court order Plaintiffs do not contest the validity of the Writ when it was issued by the

22    Superior Court for Sonoma County. Plaintiffs claim that the removal action somehow made the

23    Writ of Possession unenforceable. However, a state court order remains in effect despite

24    removal until such time as the Federal Court vacates or modifies the order. (*See* 28 U.S.C. §

25    1450.) Plaintiff does not allege the Federal district court vacated or modified the Writ of

26    Possession. Therefore, Plaintiffs claims are based the Sheriff's Office executing a state court

27    order, which is barred by the *Rooker-Feldman* doctrine. As the Seventh Circuit has explained, if

28    it is impossible to attack a state court order in federal court, then it is also impossible to attack

5

the implementation of that order by suing the individuals responsible for effectuating it.
(*Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995) ("[I]f a suit seeking damages for the execution of a judicial order is just a way to contest the order itself, then the *Rooker-Feldman* doctrine is in play."); *see also Busch*, 905 F.Supp. at 771.)  Accordingly, Plaintiffs' claims against Defendants should be dismissed as a *de facto* appeal of the unlawful detainer judgment, pursuant to the *Rooker-Feldman* doctrine.

## V.   PLAINTIFFS' FEDERAL LAW CLAIMS SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6) FOR FAILURE TO STATE A CLAIM FOR RELIEF

### A.   Defendants Properly Enforced the Writ of Possession

As noted above, Plaintiff's Complaint only alleges one improper action by Defendants executing the Writ of Possession after Defendant Cupp filed a removal action in Federal Court regarding the unlawful detainer action and served a Notice of Stay of Proceedings in the unlawful detainer action.  Plaintiffs' legal theory appears to be that the removal action and filing of the Notice of Stay of Proceedings rendered the Writ of Execution non-enforceable.  This is an incorrect legal position.

"All injunctions, orders, and other proceedings had in [the removed State court] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."  (*See* 28 U.S.C. § 1450.)  "The longstanding principle is that 'after removal, the federal court 'takes the case up where the State court left it off.'"  (*Jenkins v. Commonwealth Land Title Ins. Co*. (9th Cir. 1996) 95 F.3d 791, 795 (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70*, 415 U.S. 423, 436 (1974) (quoting *Duncan v. Gegan*, 101 U.S. 810 (1880)).)

Here, Plaintiffs do not allege that the Writ of Execution was not valid and enforceable for reasons other than the removal.  Thus, they admit that Defendants had a facially valid Writ of Execution.[2]  Defendant Cupp could have contested the Writ of Execution in the Federal Court action, but he did not do so.  (*See* 28 U.S.C. § 1446; *see also Mitchum,* 407 U.S. at 234n. 12.)

---

[2] Indeed, Plaintiffs are foreclosed from arguing that the Writ of Execution was invalid by the *Rooker-Feldman* doctrine.  If Plaintiffs challenge the validity of the Writ of Execution, they would be seeking a federal court determination that a final state court order was invalid, which is prohibited by the *Rooker-Feldman* doctrine.

Thus, pursuant to 28 U.S.C. § 1450, Defendants were fully entitled and empowered to execute the Writ of Attachment without regard to the removal action filed by Defendant Cupp.

To hold an individual public official liable in their personal capacity for an action under §1983, the complaint must allege he or she committed specific acts of wrongdoing amounting to a violation of a constitutional right.  (*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).) Conversely, bald allegations that a public official was responsible for establishing policy or overseeing subordinates is insufficient because "to establish liability under 42 U.S. C. § 1983, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" (*Hydrick v. Hunter,* 669 F.3d 937, 942 (2012), quoting *Iqbal,* 129 S.Ct. at 1948.

All claims against Defendants should be dismissed with prejudice for failure to state a claim upon which relief can be granted because Plaintiffs have not demonstrated Defendants did anything improper in executing the writ, and Plaintiffs have certainly alleged nothing that would rise to the level of a constitutional violation.

### B. Defendants Are Entitled to Absolute Immunity for Executing a Writ of Possession Issued by the Superior Court

Plaintiffs' federal law claims in this case challenge the action of the Sheriff's Office in serving an eviction notice pursuant to a facially-valid Writ of Possession issued by the Sonoma County Superior Court.  Because the sole allegations against the Sheriff's Office relate to its mandatory duty to enforce the Superior Court's Writ of Possession, it is entitled to absolute immunity from Plaintiffs' claims.

This immunity is discussed in case law under two different rules of law: quasi-judicial immunity and Eleventh Amendment sovereign immunity.  While all Sheriff's Office Defendants may claim the benefit of quasi-judicial immunity, only the Sheriff's Office, the County and its public officials to the extent sued in their official capacities may claim the benefits of sovereign immunity.  Each of these immunities are addressed in turn, below.

**1.     Defendants Are Entitled to Quasi-Judicial Immunity for the Actions Alleged in the Complaint**

Under the provisions of quasi-judicial immunity, a government official cannot be liable for performing an act required by an order of the Court.  (*Coverdell v. Department of Social & Health Services*, 834 F.2d 758, 764-765 (9th Cir. 1987).)  Thus, if an action of a public official "was plainly authorized by the court's order," which expressly directed the complained-of act, then that official is entitled to absolute quasi-judicial immunity for executing that order. (*Id.*)  Accordingly, public officials are absolutely immune from liability in connection with performing the ministerial act of posting eviction notices pursuant to court orders in the absence of any allegation that they exceeded their authority in doing so.  (*Aldridge v. Serak*, 2009 U.S. Dist. LEXIS 109123, 7-8 (E.D. Cal. 2009) (Deputy United States Marshalls are entitled to absolute quasi-judicial immunity for actions in posting notices of eviction on real property pursuant to a foreclosure order of the District Court.); *see also Sorensen,* 2009 U.S. Dist. LEXIS 5551, at 16 (Sheriff Baca and Los Angeles County are entitled to quasi-judicial immunity in evicting plaintiffs pursuant to a writ of possession issued by the Superior Court).)

The Ninth Circuit has pointed out the strong public policy reason underlying the quasi-judicial immunity provided to officials who execute court orders:

> The rationale for immunizing persons who execute court orders is apparent.  Such persons are themselves "integral parts of the judicial process."  [citations omitted]  The fearless and unhesitating execution of court orders is essential if the court's authority and ability to function are to remain uncompromised.

(*Cloverdell*, 834 F.2d at 765.)

In this case, the sole action the Plaintiffs allege the Sheriff's Office performed is the service of the eviction notice pursuant to the facially-valid Writ of Possession issued by the Superior Court.  Like the plaintiffs in the *Coverdell* and *Aldridge* cases, Plaintiffs herein cannot allege that in executing the order, the Sheriff's Office exceeded its scope or acted improperly in any way.  (*See Coverdell,* 834 F.2d at 765; *Alderidge*, 2009 U.S. Dist. LEXIS 109123, 8.)  Pursuant to the terms of the Writ of Possession, the Sheriff was required to post the eviction notice and execute the writ.  As described above, Plaintiffs' arguments regarding the removal

action have no merit and no bearing on Defendants' execution of the writ.[3]  In addition, applicable California law requires that in executing a writ of possession for real property, "the levying officer shall remove the occupants from the property and place the judgment creditor in possession."  (Cal. Code of Civ. Proc. § 715.020.)  Because Plaintiffs cannot allege that the Sheriff's Office complied with its duties to enforce the terms of the Writ of Possession issued by the Superior Court, Defendants are entitled to absolute quasi-judicial immunity for such actions.  Accordingly, all claims alleged against the Defendants should be dismissed with prejudice.

### 2. Defendants Are Entitled to Eleventh Amendment Sovereign Immunity for the Actions Alleged in the Complaint

The Sheriff's Office and its public officials sued in their official capacities are also entitled to absolute sovereign immunity from Plaintiffs' § 1983 claims.  (U.S. Const., 11th Amend.)  Under the Eleventh Amendment, a municipality is absolutely immune from liability under § 1983 if its officials were acting as an "arm of the state" when performing the conduct complained of in the complaint.  (*See Brotherton v. Cleveland*, 173 F.3d 552, 566 (6th Cir. 1999); *Scott v. O'Grady*, 975 F.2d 366, 369-371 (7th Cir. 1992), *cert. denied,* 508 U.S. 942 (1993)); *McMillian v. Monroe County*, 520 U.S. 781, 783 (1997).)

The complaint alleges that the Sheriff's Office served the eviction notice pursuant to the Writ of Possession issued by the Sonoma County Superior Court – which itself is a State agency entitled to sovereign immunity under the Eleventh Amendment. (*See Lundy v. Colmenero*, 2008 U.S. Dist. LEXIS 61802, at p. 6 (S.D. Cal. 2008) ("The superior courts of California are State entities," entitled to Eleventh Amendment sovereign immunity for a § 1983 claim.).)  A county and its public officials sued in their official capacities are entitled to Eleventh Amendment immunity when acting pursuant to a facially valid order of a Superior Court.  (*See Sorenson*, 2009 U.S. Dist. 5551, at 16 (Sheriff Baca and Los Angeles County are entitled to Eleventh Amendment immunity for their actions in evicting plaintiffs pursuant to a writ of execution

---

[3] This is true based on the face of the writ itself, as well as California law.  For example, the Sheriff's duty to serve process, such as a writ of possession, is generally required by California Government Code section 26608; the Sheriff's specific duties as a levying officer to enforce a writ of possession of real property can be found in California Code of Civil Procedure sections 712.030 and 715.010, *et seq.*

issued by the Superior Court.).)  In other words, the Superior Court's immunity flows to the Sheriff's Office in this case, because its actions in serving the eviction notice were performed in direct response to the Writ of Possession issued by the Sonoma County Superior Court.

In fact, the Sheriff's Office could not refuse to enforce the Writ of Possession, as it expressly "directs" the Sheriff to enforce the judgment and provide possession to the owner of the property.  Upon receipt of the Writ of Possession and the necessary directions from the judgment creditor, the Sheriff's Office was required to enforce its terms pursuant to California law.  (*See e.g.*, Cal. Code of Civ. Proc. §128, subd. (a)(4) (providing that every state court shall have the power to, *inter alia*, "compel obedience to its judgments, orders, and process.").)  When a county officer is required to take actions pursuant to state statute and an order of the Court, that county officer acts as an "arm of the state" of California and is immune from liability for damages in a § 1983 action based on the guarantee of sovereign immunity under the Eleventh Amendment to the United States Constitution. (*See Scott,* 975 F.2d at 366-371 (When fulfilling a statutory duty, county officials such as the sheriff and his deputies must be deemed state officials for the purposes of Eleventh Amendment immunity.); *see also Echols v. Parker*, 909 F.2d 795, 799-801 (5th Cir. 1990) (A county official pursues his duties as a state agent when he is enforcing state law or policy, such as when his actions are directed by statute.).)

When enforcing the Writ of Possession, the Sheriff's Office was acting as an "arm of the state" in performing such functions, entitling the Sheriff's Office Defendants sued in their official capacities to absolute immunity for the complaint's § 1983 damages claims based on the Eleventh Amendment.

C. **All § 1983 Claims Against Defendant County of Sonoma Should be Dismissed for a Failure to Satisfy Monell Requirements**

Municipalities – including counties and their subdivisions – are considered "persons" under § 1983 and may be liable for causing constitutional deprivations. (*Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978) ("*Monell*").)  However, counties cannot be held liable merely for employing a tortfeasor under a *respondeat superior* theory.  (*Id.*, at 691.)  Instead, a county can only be held liable under § 1983 where the county itself caused the constitutional

1   violation through "execution of a government's policy or custom, whether made by its

2   lawmakers or those whose edicts are acts may fairly be said to represent official policy." (*Id.*, at

3   694.)  Accordingly, "a plaintiff must allege that the action inflicting injury flowed from either an

4   explicitly adopted or a tacitly authorized [municipal] policy." (*Gibson v. United States*, 781 F.2d

5   1334, 1337 (9th Cir. 1986).)

6         Hence, to allege a § 1983 claim against a municipal defendant (or an individual public

7   official sued in his or her official capacity), a plaintiff must show that: (1) he was deprived of his

8   constitutional rights by defendants and their employees acting under color of state law; (2) the

9   defendants have customs or policies which amount to deliberate indifference to constitutional

10  rights; and (3) the policies were the moving force behind, or proximate cause of, the

11  constitutional violations. (*Lee v. City of Los Angeles*, 250 F.3d 668, 681-682 (9th Cir. 2001),

12  *abrogated on other grounds by Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *Van Ort v.*

13  *Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996).)  A plaintiff's allegation that a policy

14  exists, without more, is insufficient to trigger local government liability under § 1983. (*City of*

15  *Canton v. Harris* (1989) 489 U.S. 378, 388-389.)

16        Single or isolated events in the context of this type of case are simply insufficient to state

17  a plausible claim under *Monell*: "[l]iability for improper custom may not be predicated on

18  isolated or sporadic incidents; it must be founded upon practices of sufficient duration,

19  frequency, and consistency that the conduct has become a traditional method of carrying out

20  policy." (*Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 2008).)  That is, under *Monell* standards,

21  an "isolated instance . . . is insufficient evidence of a 'policy statement, ordinance, regulation, or

22  decision officially adopted and promulgated by' the County." (*See Marsh v. County of San*

23  *Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012) (internal citations omitted).)  Further, a plaintiff must

24  allege a "direct causal link" between the constitutional deprivation and a municipal policy or

25  custom. (*Erdman v. Cochise County, Arizona*, 926 F.2d 877, 882 (9th Cir. 1991), quoting *City of*

26  *Canton v. Harris,* 489 U.S. 378, 385 (1989).)  This requires that a plaintiff actually allege the

27  specific "policy" that caused the constitutional deprivation and resulting injury – mistakes or

28

11

isolated events of municipal officials do not arise to the level of "policy" sufficient for § 1983 liability. (*Id*.)

Plaintiffs fail to allege plausible factual content demonstrating that the Sheriff's Office had a policy, custom or practice of violating the constitutional rights of persons subject to evictions sufficient to establish a claim under *Monell*. As an initial matter, there are no facts alleged in the complaint sufficient to demonstrate that any of the defendants actually violated any of Plaintiffs' Constitutional rights. There are no facts showing that County officials were deliberately indifferent to Plaintiffs' Constitutional rights, or that any County policy proximately caused them any injury. Accordingly, all of Plaintiffs' § 1983 claims against the Sheriff's Office and its public officials sued in their official capacities should be dismissed for failure to state a claim under *Monell*.

The mere fact that the Sheriff's Office was called upon to serve the Writ of Possession and eviction notices on Plaintiffs pursuant to a facially valid order of the Sonoma County Superior Court does not – and cannot – provide Plaintiffs with a viable claim for relief against the Sheriff's Office Defendants in this case. Hence, Plaintiffs' Complaint should be dismissed for failure to state a claim for relief pursuant to Rule 12(b)(6), as it is without legal or factual merit.

## VI.     MOTION TO DISMISS STATE LAW CLAIM

### A.     Plaintiff's State Law Claim for Intentional Infliction of Emotional Distress is Barred by the California Government Tort Claims Act

Plaintiffs also attempt to make a state law tort claim against Defendants for intentional infliction of emotional distress. Not only does the Complaint fail to allege any plausible facts in support of the claim, but it also must be dismissed based on Plaintiffs' failure to allege compliance with California's Government Tort Claims Act, California Government Code § 810, *et seq*.

Tort liability of California public entities under state law is governed by the Government Tort Claims Act. (*Forbes v. County of San Bernardino,* 101 Cal.App.4th 48, 53 (2002).) The essence of the California Government Tort Claims Act is set forth in Government Code § 945.4, which provides in relevant part that, "no suit for money or damages may be brought against a

1  public entity on a cause of action for which a claim is required to be presented . . . until a written

2  claim therefor has been presented to the public entity and has been acted upon by the board, or

3  has been deemed to have been rejected by the board….” (Cal. Gov't Code § 945.4.)

4       Plaintiffs must allege compliance with the Government Tort Claims Act in their

5  complaint; this is not merely a procedural requirement, but “a condition precedent to plaintiff's

6  maintaining an action against defendant” and an element of a plaintiff's cause of action. (*State*

7  *of California v. Superior Court* (*Bodde*), 32 Cal.4th 1234, 1240 (2004) [quoted authority

8  omitted].) Consequently, “[c]omplaints that do not allege facts demonstrating either that a claim

9  was timely presented or that compliance with the claims statute is excused” should be dismissed.

10  (*Shirk v. Vista Unified School Dist.*, 42 Cal.4th 201, 208 (2007).) A failure to comply with these

11  requirements precludes any civil action not only against the public entity, but also against public

12  employees as to actions taken within the scope of their employment. (Cal. Gov't Code § 950.2;

13  *Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 627 (9th Cir. 1988), *abrogated in part*

14  *by Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *Neal v. Gatlin*, 35 Cal.App.3d 871, 877-78

15  (1973).) As Plaintiffs have failed to allege compliance with the Government Tort Claims Act,

16  their state law tort claim must be dismissed.

17  **VII.   CONCLUSION**

18       Based on the foregoing, Defendants Katie Straley and the County of Sonoma submit that

19  Plaintiffs' Complaint fails to comply with the pleading requirements of Rule 8(a), and

20  respectfully request that the claims alleged against them be dismissed with prejudice based on a

21  lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for

22  failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil

23  Procedure 12(b)(6). Defendants request such other and further relief as this Court deems just and

24  proper.

25  Dated: April 27, 2015          BRUCE D. GOLDSTEIN, County Counsel

26                      By:  /s/ Joshua A. Myers

27                        Joshua A. Myers
                      Deputy County Counsel

28                        Attorneys for Defendants