UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP, et al., <br> Plaintiffs, <br> v. <br> KATIE STRALEY, et al., <br> Defendants. | Case No. 15-cv-01565-JD <br><br> **ORDER GRANTING MOTION TO DISMISS** <br> Re: Dkt. No. 7 |

After foreclosure proceedings, the Sonoma County Sheriff's Office evicted pro se plaintiff Ronald Cupp from his home and property. Cupp and his tenant, Elias Stavrinides, sued the County of Sonoma and Sheriff's Officer Katie Straley, for trespass and unreasonable seizure, violation of the equal protection and due process clauses, loss of social standing, and intentional infliction of emotional distress.

**FACTUAL BACKGROUND**

The genesis of this case lies in the foreclosure of real property at 4640 Arlington Ave., Santa Rosa, CA 95407. As alleged in the complaint, in May 2013 the Federal National Mortgage Association, commonly known as Fannie Mae, filed an unlawful detainer action in Sonoma County Superior Court, with the case number MCV-228269. *See* Complaint, Case No. 3:14-cv-01597-JD, Dkt. No. 1. According to the complaint in that case, Ronald and Monica Cupp defaulted on a promissory note secured by the property, which resulted in the property being sold to Fannie Mae. *Id.* 4-5, 7. Fannie Mae filed the unlawful detainer action to take possession of the property from the Cupps. *See id.* at 8-9, 11.

The complaint further alleges that on April 2, 2014, a Sonoma County Sheriff's Officer posted a Notice to Vacate on Ronald Cupp's house door, apparently as a result of a writ of

possession issued by the Sonoma County Superior Court in case number MCV-228269 on February 18, 2014. *See* Complaint ¶¶ 22-23, Dkt. No. 1; Writ of Possession, Dkt. No. 20, Ex. A.[1] Cupp and his tenant, Elias Stavrinides, were present at the time. *Id.* ¶¶ 25-27. Over the next few days, Stavrinides -- and later his lawyer, David Bush -- attempted unsuccessfully to file copies of Form CP10, "Claim of Right to Possession and Notice of Hearing" with the Sheriff's Office to stop the eviction. *Id.* ¶¶ 29-41.

On April 7, 2014, Cupp removed case number MCV-228269 to federal court in this district on April 7, 2014, as case number 3:14-cv-01597. *Id.* ¶ 42. The next day, Cupp filed a Notice of Stay of Proceedings in Sonoma County Superior Court, told Sheriff's Officer Katie Straley about the removal and the Notice of Stay, and posted copies of the Notice of Removal and the Notice of Stay on the front door of the property at 4640 Arlington Ave. *Id.* ¶¶ 53, 55-57, 59-60. He returned home that night to find that the Sheriff's Office had locked the gate of the property and that "[a]ll doors[] to his house, work sheds, buildings, [and] trailers were broken into and left in the open position." *Id.* ¶¶ 61-62.

On July 29, 2014, the Court remanded case number 3:14-cv-01597 to state court. *See* Case No. 3:14-cv-01597, Dkt. No. 11.

On April 6, 2015, Cupp and Stavrinides filed their complaint in this case, which alleges that the County of Sonoma violated the Fourth Amendment's prohibition against unlawful search and seizure, the Eighth Amendment's prohibition against cruel and unusual punishment, the Fifth and Fourteenth Amendments' guarantee of due process of law, and the Fourteenth Amendment's guarantee of equal protection, apparently because they proceeded with the eviction despite the Notice of Stay filed in state court. *See id.* ¶¶ 90, 98 & n.1. They also alleged claims for loss of social standing and intentional infliction of emotional distress. *Id.* ¶¶ 104-14.

---

[1] Defendants filed a request for judicial notice attaching the writ of possession issued by the Sonoma County Superior Court in case number MCV-228269. *See* Dkt. No. 20. Because a court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts," *Harris v. Cnty. of Orange,* 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted), the Court takes judicial notice of the writ of possession.

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). If not given the power to consider a claim under the United States Constitution or a federal statute, they lack subject matter jurisdiction and must dismiss the claim. *See Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992). The party asserting subject matter jurisdiction bears the burden of showing that it exists. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

When a federal court has proper jurisdiction, a complaint that fails to make "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a) of the Federal Rules of Civil Procedure, may be dismissed under Rule 12(b)(6). To comply with Rule 8's requirements, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Twombly* at 556).

Pro se pleadings are to be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, "a liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

**DISCUSSION**

Under the *Rooker-Feldman* doctrine, "review of state court decisions may only be conducted in the United States Supreme Court. Lower federal courts may not review such decisions." *Partington v. Gedan*, 961 F.2d 852, 864 (9th Cir. 1992). A complaint challenges a state court decision if the constitutional claims are "inextricably intertwined" with the state court's decision in a judicial proceeding. *District of Columbia Court of Appeals v. Feldman*, 460 U.S.

462, 483 n.16 (1983). The *Rooker-Feldman* doctrine is a jurisdictional bar. *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998).

A number of courts have held that section 1983 suits against state officials enforcing a writ of possession issued by a state court are barred by the *Rooker-Feldman* doctrine. *See Dang v. Oakland Police Dept.*, No. C 13-4155 PJH, 2014 WL 793613, at *6-8 (N.D. Cal. Feb. 26, 2014) (dismissing claims against Alameda County Sheriff's Office for enforcing state-court-issued writ of possession pursuant to *Rooker-Feldman*); *Duenas v. Freitas*, No. C 13-0836 SBA, 2013 WL 3298249, at *3-4 (N.D. Cal. Jun. 28, 2013) (holding that subject matter jurisdiction was not present where federal claims depended on finding state court writ of possession invalid); *Sorensen v. Clarke*, No. EDCV 08-1142-CAS (JWJx), 2009 WL 122585, at *4-5 (C.D. Cal. Jan. 12, 2009) (holding that claims against Sheriff Leroy D. Baca and Los Angeles County for carrying out eviction pursuant to writ of possession were "barred by the *Rooker-Feldman* doctrine because they are essentially a collateral attack on the Los Angeles County Superior Court's issuance of a writ of possession"); *Busch v. Torres*, 905 F. Supp. 766, 771-72 (C.D. Cal. 1995) (holding that claims for due process and Eighth Amendment violations against sheriff's officials for enforcing writ of possession issued by state court constituted a "challenge to the state court judgment" and were barred by *Rooker-Feldman*); *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995) (holding that suits against deputies who execute a state court order are barred by *Rooker-Feldman*). Even liberally construed, plaintiffs' federal causes of action -- the first two counts -- depend on finding either that the writ of possession issued by the state court was invalid, or that defendants could not enforce it. As the cited cases make clear, this United States District Court is without jurisdiction to consider these claims under the *Rooker-Feldman* doctrine.

Plaintiffs argue that this case is not in effect an appeal of the state court judgment because Cupp has a live and pending suit in Sonoma County Superior Court against the sheriff, with docket number SCV-255005. *See* Opposition to Motion to Dismiss at 6:20-25, Dkt. No. 10; *id.* Ex. A. That does not change the fact that this Court cannot pass on the validity of the writ of possession issued in case number MCV-228269, which is what the Sheriff's Office enforced. Plaintiffs also suggest that the defendants improperly enforced a "stayed" writ of possession. *See*

4

United States District Court
Northern District of California

Opposition to Motion to Dismiss at 7:5-15. But removing a state court case to federal court and filing a notice to stay does not affect the validity or enforceability of writs issued by the state court prior to removal. *See* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in [a state court] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."). Plaintiffs do not allege that the writ of possession was ever dissolved by the district court, so it remained in force, notwithstanding the removal to federal court and the stay of the state court action. Since it seems clear that the *Rooker-Feldman* hurdle could not be cleared by the current claims whatever additional facts are pleaded, the Court denies leave to amend the complaint on the grounds that it would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

That disposes of plaintiffs' federal law claims. As for claims three and four, for loss of social standing and intentional infliction of emotional distress, these are state law claims, and plaintiffs do not allege that the Court has diversity jurisdiction over them. The only potential basis for jurisdiction is supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and that statute provides that a district court "may decline to exercise supplemental jurisdiction" if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The Court declines to exercise supplemental jurisdiction and consequently dismisses the state law claims as well.

Since this case can be resolved entirely on *Rooker-Feldman* grounds, the Court does not reach defendants' alternative arguments that they are entitled to absolute immunity in executing the state court writ of possession and that plaintiffs' state law claim for intentional infliction of emotional distress is barred under the California Government Tort Claims Act.

## CONCLUSION

The complaint is dismissed with prejudice, and the clerk is directed to enter judgment.

**IT IS SO ORDERED.**

Dated: August 10, 2015

_____
JAMES DONATO
United States District Judge