UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>KATIE STRALEY, et al.,<br><br>        Defendants. | Case No. 3:15-cv-01565-JD<br><br>**ORDER RE MOTION TO EXTEND TIME**<br><br>Re: Dkt. No. 43 |

On August 10, 2015, the Court dismissed this home-foreclosure case with prejudice under the *Rooker-Feldman* doctrine and ordered entry of judgment against plaintiffs. Dkt. No. 42. On November 9, 2015, plaintiffs filed a motion for extension of time to file a notice appealing the Court's dismissal order. Dkt. No. 43. Plaintiffs assert that they "never received written or electronic notice" of the Court's order and should be afforded an extension of time to file a notice of appeal. *Id.* at 1.

Under Federal Rule of Appellate Procedure ("FRAP") 4(a)(1)(A), plaintiffs are required to file a notice of appeal "within 30 days after entry of the judgment or order appealed from." It appears that the Clerk of the Court did not enter judgment in this case as the Court directed. Dkt. No. 42 at 6. Consequently, although the order dismissing the case was entered on August 10, 2015, judgment was not effectively entered in the docket until 150 days later, on January 7, 2016. *See* Fed. R. Civ. P. 58(c)(2)(B). This means that plaintiffs have until February 8, 2016 to file a notice of appeal without an extension, since February 6, 2016 is a Saturday. FRAP 26(a)(1)(C).

FRAP 4(a)(5) provides plaintiffs with a 30-day window after February 8, 2016 to move for additional time to file a notice of appeal. Plaintiffs are acting pro se and so the Court liberally construes their motion as a timely request for an extension of time under this rule. The Court also

finds that plaintiffs' sworn declaration that they did not receive notice of the dismissal order and their pro se status establish good cause to allow the extension. *See* Dkt. No. 46 ¶ 2. There also appears to be good cause for an extension given the confusion of parties on both sides of this case about the proper timeline for an appeal when the separate document requirement of Federal Rule of Civil Procedure 58(a) was not met. Accordingly, the Court grants plaintiffs an extension under FRAP 4(a)(5).

Under FRAP 4(a)(5)(C), the Court may only extend the time to file a notice of appeal up to "30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Here, the "prescribed time" refers to the "time prescribed by this Rule 4(a)," or February 8, 2016. *See* FRAP 4(a)(5)(A)(i). The Court grants plaintiffs an extension to file their notice of appeal to March 9, 2016.

The Court advises plaintiffs that once this window expires, neither the district nor circuit court will have the power to grant an extension, good cause or due process concerns notwithstanding. *United States ex rel. Haight v. Catholic Healthcare West*, 602 F.3d 949, 954-955 (9th Cir. 2010).

**IT IS SO ORDERED.**

Dated: February 4, 2016

JAMES DONATO
United States District Judge